UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 14-CV-21803-WILLIAMS/SIMONTON

CHEYLLA SILVA and JOHN PAUL JEBIAN,

       Plaintiffs,

vs.

BAPTIST HEALTH SOUTH FLORIDA,
BAPTIST HOSPITAL OF MIAMI, INC. and
SOUTH MIAMI HOSPITAL, INC.

       Defendants.

_____/

## DEFENDANTS' ANSWER AND STATEMENT OF DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT

       Defendants, Baptist Health South Florida, Inc. ("BHSF"),[1] Baptist Hospital of Miami, Inc. ("BHM"), and South Miami Hospital, Inc. ("SMH") (collectively "Defendants"), by and through their undersigned counsel, file their Answer and Statement of Defenses to Plaintiffs' Amended Complaint, as follows:

## JURISDICTION AND VENUE

       1.    Defendants admit Plaintiffs have sued Defendants under the cited authorities and that Plaintiffs seek damages pursuant to the cited authorities, but Defendants deny that they violated any of the cited statutes, engaged in any unlawful conduct towards Plaintiffs, or that Plaintiffs are entitled to any relief in this action.  The remaining allegations contained in

---

[1]    One of the named defendants in this action, Baptist Health South Florida, Inc., is not a proper party to this action.

CASE NO.:  14-CV-21803-WILLIAMS/SIMONTON

Paragraph 1 of the Amended Complaint call for legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny such allegations.

2.    The allegations contained in Paragraph 2 of the Amended Complaint call for legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny such allegations.

## **PARTIES**

3.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of the Amended Complaint and, therefore, deny such allegations.

4.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of the Amended Complaint and, therefore, deny such allegations.

5.    Defendants admit the allegations contained in Paragraph 5 of the Amended Complaint.

6.    Defendants aver that BHM is located at 8900 N. Kendall Drive, Miami, Florida 33176 and that SMH is located at 6200 SW 73rd St., Miami, Florida 33143, except deny the remaining allegations contained in Paragraph 6 of the Amended Complaint.[2]

7.    Defendants aver that the Westchester Urgent Care facility is located at 8840 Bird Road, Miami, Florida 33165, except deny the remaining allegations contained in Paragraph 7 of the Amended Complaint.

---

[2]    Plaintiff refers to Baptist Hospital, Inc., which is not a party to this action.

CASE NO.:  14-CV-21803-WILLIAMS/SIMONTON

8.      The allegations contained in Paragraph 8 of the Amended Complaint call for legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny such allegations.

## FACTS

**Background Facts – Cheylla Silva**

9.      Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Amended Complaint and, therefore, deny such allegations.

10.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Amended Complaint and, therefore, deny such allegations.

11.     Defendants deny the allegations contained in Paragraph 11 of the Amended Complaint.

12.     Defendants deny the allegations contained in Paragraph 12 of the Amended Complaint.

13.     Defendants aver that some of Plaintiff Silva's medical records note that she is deaf, except deny the remaining allegations contained in Paragraph 13 of the Amended Complaint.

14.     Defendants aver that they utilize Video Relay Interpreters, when appropriate, except deny the remaining allegations contained in Paragraph 14 of the Amended Complaint, including sub-Paragraphs 14a through g, thereto.

CASE NO.:  14-CV-21803-WILLIAMS/SIMONTON

15.    Defendants deny the allegations contained in Paragraph 15 of the Amended Complaint that precede sub-Paragraphs 15a through l thereto.  Defendants respond to sub-Paragraphs 15a through l as follows:

a.    Defendants aver that Plaintiff Silva sought medical treatment at BHM on November 11 and 12, 2009 and that the medical records reflect, *inter alia*, that she is deaf.  Defendants deny the remaining allegations contained in sub-Paragraph 15a.

b.    Defendants aver that Plaintiff Silva sought medical treatment at BHM on November 29, 2010 and January 3, 2011.  Defendants deny the remaining allegations contained in sub-Paragraph 15b.

c.    Defendants aver that Plaintiff Silva sought medical treatment at the West Kendall Urgent Care Center on March 26, 2011 and BHM on April 2, 2011.  Defendants deny the remaining allegations contained in sub-Paragraph 15c.

d.    Defendants aver that Plaintiff Silva sought medical treatment at BHM on May 9, 2011.  Defendants deny the remaining allegations contained in sub-Paragraph 15d.

e.    Defendants aver that Plaintiff Silva sought medical treatment at BHM on May 20, 2011.  Defendants deny the remaining allegations contained in sub-Paragraph 15e.

f.    Defendants aver that Plaintiff Silva sought medical treatment at the West Kendall Urgent Care facility on December 20, 2011.  Defendants deny the remaining allegations contained in sub-Paragraph 15f.

CASE NO.:  14-CV-21803-WILLIAMS/SIMONTON

g.      Defendants aver that Plaintiff Silva sought medical treatment at BHM on April 16, 2012.  Defendants deny the remaining allegations contained in sub-Paragraph 15g.

h.      Defendants aver that Plaintiff Silva sought medical treatment at BHM on September 15, 2012.  Defendants deny the remaining allegations contained in sub-Paragraph 15h.

i.      Defendants aver that Plaintiff Silva sought medical treatment at BHM on December 6, 2012 and that the medical records reflect, *inter alia*, that she is deaf. Defendants deny the remaining allegations contained in sub-Paragraph 15i.

j.      Defendants aver that Plaintiff Silva sought medical treatment at BHM on March 4, 2013.  Defendants deny the remaining allegations contained in sub-Paragraph 15j.

k.      Defendants aver that Plaintiff Silva sought medical treatment at BHM on June 11, 2013.  Defendants deny the remaining allegations contained in sub-Paragraph 15k.

l.      Defendants aver that Plaintiff Silva sought medical treatment at BHM in February 2014.  Defendants deny the remaining allegations contained in sub-Paragraph 15l.

16.      Defendants deny knowledge or information sufficient to form a belief as to when Plaintiff learned of her pregnancy and, therefore, deny such allegations.  Defendants deny the remaining allegations contained in Paragraph 16 of the Amended Complaint.

CASE NO.:  14-CV-21803-WILLIAMS/SIMONTON

17.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of the Amended Complaint and, therefore, deny such allegations.

18.     Defendants aver that Plaintiff Silva has sought medical treatment at BHM over the past four years.  Defendants deny the remaining allegations contained in Paragraph 18 of the Amended Complaint.

19.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Amended Complaint and, therefore, deny such allegations.

20.     Defendants deny the allegations contained in Paragraph 20 of the Amended Complaint.

21.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of the Amended Complaint and, therefore, deny such allegations.

22.     Defendants deny the allegations contained in Paragraph 22 of the Amended Complaint.

23.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of the Amended Complaint and, therefore, deny such allegations.

**John Paul Jebian**

24.     Defendants deny that Baptist Hospital of Miami violated the Americans With Disabilities Act.  Defendants admit the remaining allegations contained in Paragraph 24 of the Amended Complaint.

25.     Defendants aver that the settlement contained, *inter alia*, provisions for the deaf and hard of hearing, including a provision that Baptist Hospital of Miami inform the plaintiffs in <u>Access Now v. Baptist Hospital of Miami</u>, Case No. 99-2285, that it provides auxiliary aids, including sign language interpreters.  Defendants deny the remaining allegations contained in Paragraph 25 of the Amended Complaint.

26.     Defendants deny the allegations contained in Paragraph 26 of the Amended Complaint.

27.     Defendants admit the allegations contained in Paragraph 27 of the Amended Complaint.

28.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of the Amended Complaint and, therefore, deny such allegations.

29.     Defendants aver that Plaintiff Jebian has sought medical treatment at BHM and the Westchester Urgent Care facility between 2010 and 2014.  Defendants deny the remaining allegations contained in Paragraph 29 of the Amended Complaint.

**Jebian as a Companion to his Father**

30.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 of the Amended Complaint and, therefore, deny such allegations.

31.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31 of the Amended Complaint and, therefore, deny such allegations.

32.     Defendants  deny  the  allegations  contained  in  Paragraph  32  of  the Amended Complaint.

**Jebian as a Patient**

33.     Defendants aver that Plaintiff Jebian sought medical treatment at BHM on July 11 and 15, 2012, and sought medical treatment at the Westchester Urgent Care facility on March 11, 2014.  Defendants deny the remaining allegations contained Paragraph 33 of the Amended Complaint.

34.     Defendants deny that Plaintiff Jebian was informed that his father could not provide interpreting for him.  Defendants deny knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 34 of the Amended Complaint and, therefore, deny such allegations.

35.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 of the Amended Complaint and, therefore, deny such allegations.

36.     Defendants  deny  the  allegations  contained  in  Paragraph  36  of  the Amended Complaint.

37.     Defendants  deny  the  allegations  contained  in  Paragraph  37  of  the Amended Complaint.

38.     Defendants  deny  the  allegations  contained  in  Paragraph  38  of  the Amended Complaint.

39.     Defendants  deny  the  allegations  contained  in  Paragraph  39  of  the Amended Complaint.

40.     Defendants aver that Plaintiff Jebian refused an offer for a qualified sign language interpreter.  Defendants deny the remaining allegations contained in Paragraph 40 of the Amended Complaint.

41.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 41 of the Amended Complaint and, therefore, deny such allegations.

42.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 42 of the Amended Complaint and, therefore, deny such allegations.

43.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 43 of the Amended Complaint and, therefore, deny such allegations.

44.     Defendants deny the allegations contained in Paragraph 44 of the Amended Complaint.

45.     Defendants deny the allegations contained in Paragraph 45 of the Amended Complaint.

46.     Defendants aver that Plaintiff Jebian has sought medical treatment at BHM and the Westchester Urgent Care Center between 2010 and 2014.  Defendants deny knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 46 of the Amended Complaint and, therefore, deny such allegations.

47.     Defendants aver that Plaintiff Jebian has sought medical treatment at the Westchester Urgent Care facility located at 8840 Bird Road in Miami, Florida.  Defendants deny

knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 47 of the Amended Complaint and, therefore, deny such allegations.

48.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 48 of the Amended Complaint and, therefore, deny such allegations.

49.     Defendants deny the allegations contained in Paragraph 49 of the Amended Complaint.

**Background Facts – Baptist**

50.     The allegations contained in Paragraph 50 of the Amended Complaint call for legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny such allegations.

51.     The allegations contained in Paragraph 51 of the Amended Complaint call for legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny such allegations.

52.     Defendants deny the allegations contained in Paragraph 52 of the Amended Complaint.

53.     Defendants aver that Oriol Pavon initiated a lawsuit against Baptist Health South Florida, Inc. in the action styled, Oriol Pavon v. Baptist Health South Florida, Inc., Case No. 04-22671-CIV-GRAHAM/O'SULLIVAN and that Plaintiff Jebian was a plaintiff in Access Now v. Baptist Hospital of Miami, Case No. 99-2285.  Defendants deny the remaining allegations contained in Paragraph 53 of the Amended Complaint.

CASE NO.:  14-CV-21803-WILLIAMS/SIMONTON

54.     Defendants aver that in July/August 2005, Oriol Pavon and Baptist Health South Florida, Inc. entered into a confidential resolution.   Defendants deny the remaining allegations contained in Paragraph 54 of the Amended Complaint.

55.     Defendants aver they have access to and provide patients with qualified interpreters, including through video interpreting services.   Defendants deny the remaining allegations contained in Paragraph 55 of the Amended Complaint.

56.     Defendants deny the allegations contained in Paragraph 56 of the Amended Complaint.

57.     Defendants deny the allegations contained in Paragraph 57 of the Amended Complaint.

58.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 58 of the Amended Complaint and, therefore, deny such allegations.

59.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 59 of the Amended Complaint and, therefore, deny such allegations.

## COUNT I

## SECTION 504 OF THE REHABILITATION ACT OF 1973, 29 USC § 706

60.     Defendants re-allege and re-incorporate their responses to Paragraphs 1 through 59 of the Amended Complaint as though set forth fully herein.

61.     Whether Plaintiffs are considered to be individuals with disabilities under Section 504 of the Rehabilitation Act, as amended, calls for legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny such allegations.

Defendants deny knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 61 of the Amended Complaint and, therefore, deny such allegations.

62.     Defendants aver that they treat patients who have Medicare and/or Medicaid benefits.  Defendants deny the remaining allegations contained in Paragraph 62 of the Amended Complaint.

63.     The allegations contained in Paragraph 63 of the Amended Complaint call for legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny such allegations.

64.     Defendants aver that Plaintiff Silva sought medical treatment at BHM and the West Kendall Urgent Care facility over four years and that some of Plaintiff Silva's medical records note that she is deaf, except deny the remaining allegations contained in Paragraph 64 of the Amended Complaint.

65.     Defendants deny that Plaintiff Silva and Plaintiff Jebian were denied any form of effective communications.  Defendants deny knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 65 of the Amended Complaint and, therefore, deny such allegations.

66.     Defendants deny the allegations contained in Paragraph 66 of the Amended Complaint.

67.     Defendants deny the allegations contained in Paragraph 67 of the Amended Complaint.

68.     Defendants deny the allegations contained in Paragraph 68 of the Amended Complaint.

CASE NO.:  14-CV-21803-WILLIAMS/SIMONTON

69.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 69 of the Amended Complaint and, therefore, deny such allegations.

70.     Defendants deny the allegations contained in Paragraph 70 of the Amended Complaint.

71.     Defendants deny the allegations contained in Paragraph 71 of the Amended Complaint.

72.     Defendants aver that some of Plaintiff Silva's and Plaintiff Jebian's respective medical records indicate that they are deaf.   Defendants deny the remaining allegations contained in Paragraph 72 of the Amended Complaint.

73.     Defendants deny the allegations contained in Paragraph 73 of the Amended Complaint.

74.     Defendants deny the allegations contained in Paragraph 74 of the Amended Complaint.

75.     Defendants deny the allegations contained in Paragraph 75 of the Amended Complaint.

76.     Defendants deny the allegations contained in Paragraph 76 of the Amended Complaint.

77.     Defendants aver that Plaintiff Silva and Plaintiff Jebian were offered and/or provided with qualified interpreter services, when appropriate, and that there was effective communication between Defendants' staff and Plaintiff Silva and Plaintiff Jebian. Defendants deny the remaining allegations contained in Paragraph 77 of the Amended Complaint.

78.     Defendants deny the allegations contained in Paragraph 78 of the Amended Complaint.

79.     Defendants deny the allegations contained in Paragraph 79 of the Amended Complaint.

80.     Defendants deny the allegations contained in Paragraph 80 of the Amended Complaint.

81.     Defendants deny the allegations contained in Paragraph 81 of the Amended Complaint.

82.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 82 of the Amended Complaint and, therefore, deny such allegations.

In response to the unnumbered *Ad Damnum* clause following Paragraph 82 of the Amended Complaint, Defendants deny that Plaintiffs are entitled to any relief demanded, including the relief demanded in sub-Paragraphs a through h.

## COUNT II

## TITLE III OF THE AMERICANS WITH DISABILITIES ACT, 42 USC § 12181 ET SEQ

83.     Defendants re-allege and re-incorporate their responses to Paragraphs 1 through 82 of the Amended Complaint as though set forth fully herein.[3]

84.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 84 of the Amended Complaint and, therefore, deny such allegations.

---

[3]     Plaintiffs improperly incorporate Paragraphs 60-82, the allegations asserted in Count I, into Count II.  Incorporation of one count into another count is an improper pleading practice.

85.    The allegations contained in Paragraph 85 of the Amended Complaint call for legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny such allegations.

86.    The allegations contained in Paragraph 86 of the Amended Complaint call for legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny such allegations.

87.    Defendants deny that they have discriminatory policies and procedures, and that Plaintiffs will be harmed by Defendants' policies and procedures.  Defendants deny knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 87 of the Amended Complaint and, therefore, deny such allegations.

88.    Defendants deny the allegations contained in Paragraph 88 of the Amended Complaint, including sub-Paragraphs a through d.

89.    Defendants admit that, at all relevant times to the Amended Complaint, they had knowledge of their obligations under the Americans With Disabilities Act.  Defendants deny the remaining allegations contained in Paragraph 89 of the Amended Complaint.

90.    Defendants deny the allegations contained in Paragraph 90 of the Amended Complaint.

In response to the unnumbered *Ad Damnum* clause following Paragraph 90 of the Amended Complaint, Defendants deny that Plaintiffs are entitled to any relief demanded.

Defendants deny any and all allegations asserted in the Amended Complaint not specifically admitted herein.  Defendants admit Plaintiffs have demanded a jury trial on all issues so triable, except deny that there are any issues to be tried by a jury.

CASE NO.:  14-CV-21803-WILLIAMS/SIMONTON

## STATEMENT OF DEFENSES

As separate and distinct defenses to the Amended Complaint, Defendants allege the following:

## FIRST AFFIRMATIVE DEFENSE

91.     The Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

92.     Some or all of Plaintiffs' claims are barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

93.     The relief, in whole or in part, sought by the Amended Complaint would constitute an undue burden to Defendants.

## FOURTH AFFIRMATIVE DEFENSE

94.     The relief, in whole or in part, sought by Amended Complaint is not readily achievable by Defendants.

## FIFTH AFFIRMATIVE DEFENSE

95.     Plaintiffs' claims are barred because Plaintiffs lack standing to seek some portion of or all of the relief sought in the Amended Complaint.

## SIXTH AFFIRMATIVE DEFENSE

96.     The relief sought by Plaintiffs, in whole or in part, would fundamentally alter the nature of the goods, services, facilities, privileges, advantages and accommodations being offered by Defendants.

CASE NO.:  14-CV-21803-WILLIAMS/SIMONTON

### SEVENTH AFFIRMATIVE DEFENSE

97.     Defendants' goods, services, facilities, privileges, advantages and accommodations, in whole or in part, are available to Plaintiffs through alternative methods.

### EIGHTH AFFIRMATIVE DEFENSE

98.     The relief sought by the Amended Complaint, in whole or in part, would require disproportionate cost and is not readily achievable.

### NINTH AFFIRMATIVE DEFENSE

99.     To the extent the accommodations sought by Plaintiffs are required but not readily achievable, Defendants may provide the accommodations through alternative methods.

### TENTH AFFIRMATIVE DEFENSE

100.    Defendants have acted in good faith at all times material hereto, without prior knowledge of any alleged violation of the cited statutes.

### ELEVENTH AFFIRMATIVE DEFENSE

101.    Plaintiffs failed to provide Defendants with notice of the alleged violations and to provide an opportunity to cure said violations.

### TWELFTH AFFIRMATIVE DEFENSE

102.    To the extent there are/were any of the alleged violations, the issues are moot as Defendants already have corrected any violations that they are required to correct and/or have adopted a bona fide remediation plan that fully and adequately addresses the claims raised by Plaintiffs.

### THIRTEENTH AFFIRMATIVE DEFENSE

103.    Plaintiffs are not entitled to an injunction , and they lack standing, because they have failed to show a real and immediate threat of future harm.

## FOURTEENTH AFFIRMATIVE DEFENSE

104.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to satisfy all conditions precedent to this action, including, *inter alia*, the failure to exhaust administrative remedies.

## FIFTEENTH AFFIRMATIVE DEFENSE

105.    Plaintiffs' damages, if any, may be reduced, in whole or in part, by their failure to mitigate damages to the extent, through discovery, the evidence establishes such.

## SIXTEENTH AFFIRMATIVE DEFENSE

106.    Plaintiffs' recovery of damages is limited, in whole or in part, to the extent it is established they had preexisting injuries.

## SEVENTEENTH AFFIRMATIVE DEFENSE

107.    Defendants assert that Plaintiffs seek recovery of damages upon the same alleged factual events and/or against the same Defendants.  Accordingly, recovery of damages as to one of these claims and/or against one named Defendants bars recovery of like damages for any other claims or for the same relief against other named Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

108.    Plaintiffs' claims are barred by the doctrines of release, waiver, estoppel, and/or unclean hands based on the prior actions and agreements referenced in the Amended Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

109.    Defendants assert that Plaintiffs are not entitled to damages as any actions or inactions by Defendants were not intentional.

CASE NO.:  14-CV-21803-WILLIAMS/SIMONTON

## **TWENTIETH AFFIRMATIVE DEFENSE**

110.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of collateral estoppel and/or res judicata based on the prior agreements and litigations referenced in the Amended Complaint.

111.     Defendants reserve the right to amend and/or add defenses or counter-claims that may become known during discovery.

**WHEREFORE**, Defendants, Baptist Health South Florida, Inc., Baptist Hospital of Miami, Inc. ("BHM"), and South Miami Hospital, Inc., respectfully request that the Court:

(a)     dismiss, with prejudice, Plaintiffs' Amended Complaint  in its entirety;

(b)     award Defendants their costs, disbursements, and attorneys' fees; and

(c)     award Defendants such other and further relief as this Court may deem appropriate.

Dated this 3rd day of July 2014.
Miami, Florida

Respectfully submitted,

By:  s/Scott S. Allen
      Scott S. Allen, Esq. (0143278)
      *Scott.allen@jacksonlewis.com*
      Mendy Halberstam, Esq. (68999)
      *mendy.halberstam@jacksonlewis.com*
      JACKSON LEWIS P.C.
      One Biscayne Tower
      2 South Biscayne Boulevard, Suite 3500
      Miami, FL 33131
      Telephone: (305) 577-7600
      Facsimile: (305) 373-4466
      Attorneys for Defendants,
      Baptist Health South Florida, Inc., Baptist Hospital of Miami, Inc., and South Miami Hospital, Inc.

CASE NO.:  14-CV-21803-WILLIAMS/SIMONTON

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 3rd day of July 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Scott S. Allen
Scott S. Allen, Esq.

CASE NO.:  14-CV-21803-WILLIAMS/SIMONTON

## SERVICE LIST

**CHEYLLA SILVA and JOHN PAUL JEBIAN V. BAPTIST HEALTH SOUTH FLORIDA, ET AL.**
**CASE NO: 14-CV-21803-WILLIAMS/SIMONTON**

| | |
|---|---|
| Matthew W. Dietz, Esq. (0084905) | Scott S. Allen, Esq. (143278) |
| *mdietz@justdigit.org* | *scott.allen@jacksonlewis.com* |
| Rachel L. Goldstein, Esq. (95973) | Mendy Halberstam, Esq. (68999) |
| *rgoldstein@usdisabilitylaw.com* | *mendy.halberstam@jacksonlewis.com* |
| DISABILITY INDEPENDENCE GROUP, INC. | JACKSON LEWIS P.C. |
| | One Biscayne Tower, Suite 3500 |
| 2990 Southwest 35th Avenue | 2 South Biscayne Boulevard |
| Miami, Florida 33133 | Miami, Florida 33131 |
| Tel.:  (305) 669-2822 | Tel.:  (305) 577-7600 |
| Fax:  (305) 442-4181 | Fax:  (305) 373-4466 |
| | |
| Attorneys for Plaintiffs, | Attorneys for Defendants, |
| Cheylla Silva and John Paul Jebian | Baptist Health South Florida, Inc., Baptist Hospital of Miami, Inc., and South Miami Hospital, Inc. |
| | |
| Served via transmission of Notices of Electronic Filing generated by CM/ECF | Served via transmission of Notices of Electronic Filing generated by CM/ECF |