UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 14-CV-21803-WILLIAMS/SIMONTON

CHEYLLA SILVA and JOHN PAUL JEBIAN,

    Plaintiffs,

vs.

BAPTIST HEALTH SOUTH FLORIDA, INC., BAPTIST HOSPITAL OF MIAMI, INC. and SOUTH MIAMI HOSPITAL, INC.,

    Defendants.
_____/

## DEFENDANTS' MOTION TO SEVER PLAINTIFFS' CLAIMS AT TRIAL

Defendants, Baptist Health South Florida, Inc. ("Baptist Health"); Baptist Hospital of Miami, Inc. ("Baptist Hospital"); and South Miami Hospital, Inc. ("SMH"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 21 and 42(b) and the Court's Order dated December 4, 2014 (D.E. 42), hereby move to sever the claims of Plaintiffs, Cheylla Silva ("Silva") and John Paul Jebian ("Jebian"), at trial.[1] Aside from common representation and common Defendants, Plaintiffs and their claims in this lawsuit have no relation to each other. Separate trials are necessary to prevent juror confusion and unfair prejudice to Defendants. Accordingly, Defendants respectfully request that the Court order separate trials on the claims raised by each Plaintiff.

---

[1] Defendants do not oppose the continued consolidation of Plaintiffs' claims for purposes of pre-trial procedures (*i.e.* discovery, scheduling, etc.).

## INTRODUCTION

In this lawsuit, Plaintiffs allege violations of Title III of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Rehab Act"). (D.E. 12.) Plaintiffs are deaf and allege that they communicate through American Sign Language ("ASL"). (*Id.*) In their Amended Complaint, Plaintiffs generally allege that, on various occasions from 2009 through the present, Defendants violated their rights under the ADA and the Rehab Act by failing to provide qualified ASL interpreters to them when they presented at Defendants' facilities. (*Id.*)

The allegations of the Amended Complaint make clear that Plaintiffs' claims are entirely distinct. As a threshold matter, the factual allegations for each Plaintiff are made separately. (*Compare* D.E. 12 ¶¶ 9-23 (factual allegations related to Silva) *with* D.E. 12 ¶¶ 24-49 (factual allegations related to Jebian)). Further, their claims relate to different Defendants' facilities: Silva alleges that her rights were violated at SMH, while Jebian alleges that his rights were violated at Baptist Hospital and a related urgent-care center. (*Compare* D.E. 12 ¶¶ 9-23 *with* D.E. 12 ¶¶ 24-49.) Thus, Plaintiffs dealt with different personnel during their visits. There is no overlap in the dates of their visits or the medical treatment received. (*Compare* D.E. 12 ¶¶ 9-23 *with* D.E. 12 ¶¶ 24-49.) Finally, Silva's claims are based on alleged violations while a patient; Jebian's claims are based on alleged violations while a patient and while a companion to his father when his father received medical treatment. (*Compare* D.E. 12 ¶¶ 9-23 *with* D.E. 12 ¶¶ 24-49.)

Additionally, discovery in this case has revealed that, aside from common legal representation, there is no other significant relationship between the two Plaintiffs. At his deposition on December 1, 2014, Jebian testified that he first met Silva in 1997 while he was a teacher and she was a student (though not his student). He described their current relationship as

social acquaintances rather than close personal friends. Importantly, Jebian confirmed that he and Silva never have been to any of the Defendants' facilities together.[2]

## ARGUMENT

To prevail on claims under the ADA and the Rehab Act, the plaintiff must show that the defendant "violated his rights under the statutes and did so with discriminatory intent." *McCullum v. Orlando Reg'l Healthcare Sys., Inc.*, 768 F.3d 1135, 1146-47 (11th Cir. 2014). The United States Court of Appeals for the Eleventh Circuit has held that "discriminatory intent" is proven by showing "deliberate indifference." *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 345. Deliberate indifference exists when the "the defendant *knew* that harm to a federally protected right was substantially likely and ... *failed* to act on that likelihood." *Id.* (emphasis and ellipsis in original) (quoting *T.W. ex rel. Wilson v. Sch. Bd. of Seminole Cnty., Fla.*, 610 F.3d 588, 604 (11th Cir. 2010)). This requires more than a showing of gross negligence; rather, a plaintiff must prove that the defendant's actions were a "deliberate choice," which the Eleventh Circuit has described as an "exacting standard." *Liese*, 701 F.3d at 345 (citations omitted).

Plaintiffs' claims clearly are factually distinct from each other and, thus, will require different evidence to support them. Each Plaintiff must show that Baptist violated his or her rights with discriminatory intent. Given that Plaintiffs never have presented at any of Defendants' facilities at the same time, the proof necessary for each Plaintiff's claim is entirely distinct. Severance is necessary to prevent juror confusion and unfair prejudice to Defendants.

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed.R.Civ.P. 42(b). Further, the Court "may also sever any claim against a party."

---

[2] Jebian's deposition is ongoing and, thus, a final deposition transcript has not been prepared. Should the Court wish to review these portions of the transcript, Defendants will order and supplement the record with same.

Fed.R.Civ.P. 21. The Court has "broad discretion to decide whether or not plaintiffs' cases should be tried separately." *Fleming v. Home Depot U.S.A., Inc.*, No. 96–6560–CIV, 1998 WL 1674544, at *3 (S.D. Fla. July 8, 1998) (citing *Hendrix v. Raybestos–Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)); *see also Bailey v. Prison Health Servs., Inc.*, No. 607CV-1205-ORL-28DAB, 2007 WL 3171319, at *2 (M.D. Fla. Oct. 25, 2007) (noting that a district court has "broad discretion to sever parties"). In exercising this discretion, the Court "must determine whether the risks of prejudice and possible confusion are outweighed by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits, and the relative expense to all concerned of the single versus multiple trial alternative." *Fleming*, 1998 WL 1674544, at *3 (citing *Hendrix*, 776 F.2d at 1495).

Courts routinely sever cases brought by multiple plaintiffs against the same defendants when the factual underpinnings of the claims are distinct. In *Bailey*, for example, eight plaintiffs sued the same defendant for claims arising out of medical treatment they received. *Bailey*, 2007 WL 3171319, at *1. The defendant moved to sever the plaintiffs' claims, arguing that "the eight Plaintiffs' claims have separate and distinct personal and family medical histories; unique medical needs while in custody; different medical staff (PHS employees or contractors) performing treatment; different lengths of custody; and distinct damages." *Id*. The plaintiffs argued that their claims properly were joined because there existed common liability elements to their claims. *Id*. at *2. The district court granted the defendant's motion, finding that severance was proper because the "disparate factual patterns" among the eight plaintiffs did not comprise the same "transaction[s] or occurrence[s]." *Id*. at *3.

The United States District Court for the Southern District of Florida reached the same conclusion in *Fleming*. In that case, six plaintiffs brought discrimination claims against a single

defendant. *Fleming*, 1998 WL 1674544, at *1. Given the fact that the plaintiffs' claims arose out of different factual circumstances, the district court granted the defendant's request for separate trials in order to prevent juror confusion and unfair prejudice:

> Having considered Defendant's argument with respect to convenience, judicial economy, confusion to the jury and prejudice to Defendant, the Court finds that any possible benefits to be derived from a common trial are more than offset by the confusion to the jury and prejudice to the Defendant from proceeding with these cases jointly.

*Id*. at *4. Further, the district court noted that the mere fact that the plaintiffs' claims were brought under the same statutes did not make joinder proper, as "the factual and legal issues [we]re based upon separate acts of the Defendant with respect to each Plaintiff." *Id*. at *3. *See also Agnew v. Roanoke Cos. Grp., Inc.*, No. 07-60286-CIV, 2010 WL 1740693, at *2 (S.D. Fla. Apr. 29, 2010) (granting defendants' motion for separate trials on claims brought by multiple plaintiffs "in order to offset the potential for jury confusion and prejudice to the Defendants").

The same conclusion is appropriate here. Although Plaintiffs both have brought claims under the ADA and Rehab Act, the facts necessary for each Plaintiff to support their claims and demonstrate the requisite discriminatory intent are entirely distinct. Plaintiffs were treated at different facilities, on different dates and by different people. Thus, Plaintiffs will have to rely on entirely different evidence to support their claims.

Further, if the cases are not severed, there is a substantial likelihood of juror confusion. For example, jurors could conflate the facts related with Silva's visits with the facts related to Jebian's visits. Further, if the jurors concluded that one of the Plaintiff's rights was violated, they might also erroneously conclude that the other Plaintiff's rights were violated, even if no evidence existed to support that conclusion. Finally, Defendants would be unfairly prejudiced if Plaintiffs were permitted to present, to the same jury, allegations regarding multiple visits; the sheer volume could

5

cause jurors to conclude, erroneously, that Defendants have shown deliberate indifference to Plaintiffs' rights.

## CONCLUSION

Plaintiffs' claims are entirely distinct. Accordingly, they should be tried separately in order to prevent juror confusion and unfair prejudice to Defendants.

WHEREFORE, Defendants respectfully request that the Court sever Plaintiffs' claims at trial and grant such other relief as the Court deems just and appropriate under the circumstances.

## CERTIFICATE OF CONFERENCE

Pursuant to S.D. Fla. L.R. 7.1(a)(3), I hereby certify that, on January 15 and 16, 2015, Defendants' counsel conferred with Plaintiffs' counsel in a good-faith effort to resolve the issues raised in this motion. Plaintiffs' counsel opposes the relief sought in this motion.

By: /s/ Eric D. Isicoff
    Eric D. Isicoff

Respectfully submitted,

**ISICOFF, RAGATZ & KOENIGSBERG**
1200 Brickell Avenue, Suite 1900
Miami, Florida 33131
Tel.: (305) 373-3232
Fax: (305) 373-3233

By: /s/ Eric D. Isicoff
    Eric D. Isicoff
    Florida Bar No. 372201
    Isicoff@irlaw.com
    Teresa Ragatz
    Florida Bar No. 545170
    Ragatz@irlaw.com
    Christopher M. Yannuzzi
    Florida Bar No. 92166
    Yannuzzi@irlaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via CM/ECF this 16th day of January, 2015, upon the following:

DISABILITY INDEPENDENCE
GROUP, INC.
Matthew W. Dietz, Esq.
Aaron C. Bates, Esq.
2990 Southwest 35th Avenue
Miami, Florida 33133
Tel. (305) 669-2822
Fax (305) 442-4181
mdietz@justdigit.org
abates@justdigit.org

*Counsel for Plaintiffs*

By: /s/ Eric D. Isicoff
Eric D. Isicoff