CHEYLLA SILVA and JOHN PAUL JEBIAN,

Plaintiffs,

vs.

BAPTIST HEALTH SOUTH FLORIDA, INC.,
*et al.,*

Defendants.

_____/

## ORDER

**THIS MATTER** is before the Court on Plaintiffs' "Motion to Use Video Conferencing

For Two Witnesses at Trial" (the "Motion"). (DE 194). In support of the Motion, Plaintiffs

contend that "[t]wo of Plaintiffs' witnesses, Marvis David Scott and LAN Record

Custodian, are located out of town and beyond this Court's Subpoena power." (DE 194

¶ 2). Plaintiffs argue that having these witnesses testify in person is an "undue burden"

and a "financial burden" because of the need to fly these witnesses to Miami. (DE 194 at

2). Defendants respond that Plaintiffs have not shown good cause or compelling

circumstances why the Court should grant the Motion because Plaintiffs have known of

these issues for some time and failed to remedy them until the eve of trial.

On October 29, 2018, the Court held a telephonic conference to discuss the Motion

and ordered Plaintiffs to file a notice with the Court providing the specific logistical details

of the potential videoconference testimony of the LAN Records custodian. The Court also

ordered Plaintiffs to address the potential issues that could come up in authenticating

exhibits via videoconference testimony.[1] The next day, Plaintiffs filed their notice. (DE 198). However, the notice fails to identify the identity of the witness, the date he or she will testify and does not address the issues that may arise in authenticating records via videoconference. Plaintiffs' reply to Defendants' response to the notice also does not provide the necessary information requested by the Court.[2]

Federal Rule of Civil Procedure 43(a) allows the court to permit testimony via videoconference "[f]or good cause in compelling circumstances and with appropriate safeguards..." The Advisory Committee note states the following with respect to this rule:

The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.

The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place.

---

[1] During the conference, the Court denied the Motion as to Marvis David Scott.

[2] The Court notes that Vertiext's conferencing software (Veritext Virtual) is not compatible with the Court's videoconferencing system. Additionally, it should be noted that despite this case being set for trial twice and despite this Court's offer to schedule technological test runs with the Parties and the Court's IT personnel in preparation for trial, Plaintiffs never asked the Court for information or assistance as to technical matters, including videoconferencing, until the filing of this motion, just one week before trial is set to begin. Further, it is not the Court's responsibility (as suggested by Plaintiffs) to contact Veritext to coordinate logistics. It is Plaintiffs' responsibility to make such arrangements to support their Motion and ascertain the viability of their request.

The Commentary also states that notice of a desire to transmit testimony should be made as soon as possible, in order for the parties to arrange a deposition, or secure an advance ruling from the Court.

Here, Plaintiffs' only argument in support of the Motion is that it would be a burden to fly these witnesses from out of the district to Miami. However, as stated by the note, mere inconvenience does not justify "contemporaneous transmission from a different location." Moreover, when a party has known of potential issues related to live testimony but has failed to seek relief from the Court until shortly before trial, courts in this district have denied Rule 43 motions. *Air Turbine Tech., Inc. v. Atlas Copco AB*, 217 F.R.D. 545, 546 (S.D. Fla. 2003) (denying Rule 43 motion where the motion was filed only one month before trial date and Plaintiff had "known from the early stages of this case that witnesses from outside of the United States would be testifying at trial."); *In re Neves*, 563 B.R. 66, 74 (Bankr. S.D. Fla. 2014) (denying Rule 43 motion where "Plaintiffs had been on notice for almost two years that their key witness had travel issues" and waited until less than two months before trial to file their motion).

Plaintiffs' have known of Defendants' objections to the admissibility of the LAN Records for approximately three years. This case was set for trial in August of 2018 and then moved to November of 2018 on a motion to continue filed by the Plaintiffs one day before trial. Plaintiffs have had notice of the possibility of trial since at least May of 2018. Plaintiffs chose to file the Motion only one week before trial. Additionally, the Motion and notice do not identify the witness, the date and location where testimony will be taken and fail to comply with the Court's instructions. The basis for the Court's request was that the Court's IT personnel requires advance notice of videoconferencing sessions to secure

3

the necessary equipment and run technical tests prior to trial. Plaintiffs have failed to provide the Court with sufficient information for the Court to arrange the proper setup. In short, Plaintiffs simply do not provide any basis on which the Court could grant the Motion.

Accordingly, upon review of the Motion, the notice, the record, the relevant case law, and pursuant to the discussions held during the telephonic conference it is **ORDERED AND ADJUDGED** that the Motion (DE 194) is **DENIED**. Nonetheless, the Court will set a telephone conference for November 1, 2018 at 4:00 pm. If Plaintiffs can provide additional information, the Court will consider this matter at that time.

**DONE AND ORDERED** in chambers in Miami, Florida, this $\overset{\mathcal{Z}}{31}$ day of October, 2018.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE